## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

PRIME HARVEST, INC.,

    Plaintiff,

v.

LEGACY BANK, *et al.*;

    Defendants.

)
)
)
)
)
)
)
)
)

Case No. CIV-24-476-SLP

## <u>O R D E R</u>

This matter is before the Court pursuant to its Order to Show Cause why this action should not be dismissed for failure to effect service of process by November 6, 2024. [Doc. No. 5]. As noted in that Order, the Court previously granted Plaintiff a ninety-day permissive extension of its deadline to effect service of process. *Id.* As of this date, Plaintiff has not responded to the show cause order, nor has it requested an extension of time within which to do so. Accordingly, this action is subject to dismissal without prejudice for failure to effect timely service of process, and for failure to comply with the Federal Rules of Civil Procedure and this Court's Order. *See* Fed. R. Civ. P. 41(b); *Nasious v. Two Unknown B.I.C.E. Agents at Arapahoe Cty. Justice Ctr*., 492 F.3d 1158, 1161 n. 2 (10th Cir. 2007) (sua sponte dismissal permitted where a plaintiff fails to comply with the rules of civil procedure or the court's orders).

Because Plaintiff has failed to respond to the Court's Order to Show Cause, it has failed to demonstrate good cause exists for granting a mandatory extension of the 90-day time period set forth in Rule 4(m) within which to serve Defendant. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). The Court must further consider whether a

permissive extension of time is warranted.  *See id.; see also Murphy v. City of Tulsa*, 556 F. App'x 664, 666-69 (10th Cir. 2014).  Factors for the Court to consider include whether the statute of limitations would bar the plaintiff from refiling the action, whether the plaintiff has unsuccessfully attempted to serve the United States, and whether the delay in service relates to the plaintiff's pro se status or confusion or delay in obtaining permission to proceed in forma pauperis.  *See Espinoza*, 52 F.3d at 842 & n. 8.

The United States is not a defendant, and Plaintiff is not proceeding pro se or in forma pauperis.  Further, it does not appear the statute of limitations would bar Plaintiff from refiling the action to assert one or more of its claims.  *See* Compl. [Doc. No. 1] at 11-20; *see also* 12 Okla.Stat. § 95(A) (providing the statute of limitations for a breach of contract claim is 5 years for a written contract).  Finally, Plaintiff's failure to respond, despite representation by counsel and previously having responded to a show cause order, is a predominant consideration and weighs strongly in favor of finding a permissive extension is not warranted.

IT IS THEREFORE ORDERED that this action is DISMISSED WITHOUT PREJUDICE for failure to effect timely service pursuant to Fed. R. Civ. P. 4(m) and pursuant to Rule 41(b) for Plaintiff's failure to respond to the Court's Order to Show Cause [Doc. No. 5].  A separate judgment of dismissal shall be entered contemporaneously with the filing of this Order.

IT IS SO ORDERED this 26th day of November, 2024.


SCOTT L. PALK
UNITED STATES DISTRICT JUDGE